```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
                              **LEXINGTON**

CHRISTOPHER T. WEBB,              )
                                  )
    Plaintiff,                    )
                                  ) Civil Action No. 06-234-JMH
                                  )
v.                                )
                                  )
KENTUCKY DEPARTMENT OF            )  **MEMORANDUM OPINION AND ORDER**
CORRECTIONS, ET AL.,              )
                                  )
    Defendants.                   )
                                  )
                                  )

               **   **   **   **   **

This matter is before the Court on Defendants' motions to dismiss [Record Nos. 4 and 15]. The time for Plaintiff's response having passed, this matter is ripe for review.

### **Factual Background**

The plaintiff, Christopher T. Webb, is a Class D felon who has been under the care, custody, and control of the Kentucky Department of Corrections from November 2004 until the present. Plaintiff has been incarcerated in the Graves County Jail, the Roederer Correctional Complex, the Bell County Forestry Camp, and the Blackburn Correctional Complex. (Pl.'s Compl. 5)

Plaintiff alleges that on July 22, 2005, he was injured while on work detail assigned to him by Defendants Randy Haley, the Graves County Jailer, and Lonnie Buckingham, the Graves County Jail Coordinator. (*Id.*) Plaintiff further alleges that Defendants denied him appropriate training, materials, and/or a safe work site

in which to execute his assigned work duties. Finally, Plaintiff alleges that subsequent to his July 22, 2005, injuries, he was denied reasonable and adequate medical treatment by Defendants. (*Id.* 6)

Plaintiff contends that the foregoing alleged actions of Defendants constitute a violation of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks compensatory and punitive damages for his past and future medical expenses, destruction of his income earning ability, past and future pain and suffering and the increased likelihood of complications that the Defendants' alleged actions caused. In addition, Plaintiff seeks costs and attorney's fees. (*Id.* 6-7)

## **Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) instructs that a complaint may be dismissed for failure to state a claim upon which relief can be granted. When assessing the sufficiency of the complaint, the Court views the complaint in the light most favorable to the plaintiff and "must accept as true "well-pleaded facts" set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "Given the Federal Rules' simplified standard for pleading, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations."" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## **Discussion**

There are certain prerequisites a prisoner must fulfill before a court is able to address the merits of his claim. The first is the requirement of the Prison Litigation Reform Act ("PLRA") of 1995, effective April 26, 1996, that a prisoner exhaust whatever administrative remedies are available before filing suit. The PLRA provides: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In *Porter v. Nussle*, 534 U.S. 516 (2002), the United States Supreme Court held that "prison conditions," as used in the PLRA, shall be given a broad interpretation to include "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532. Plaintiff's claims of inadequate training, materials, and medical care regarding his prison work detail are undoubtedly related to prison conditions; therefore, he is required to exhaust all administrative remedies before a court can adjudicate his claims.

The plaintiff must prove exhaustion of his administrative

3

remedies before the Court can adjudicate *any* claim set forth in the complaint. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998), *cert. denied*, 525 U.S. 833 (1998) (emphasis added). It is the plaintiff's burden to prove exhaustion of administrative remedies with respect to each claim and each defendant, either by attaching copies of documents therefrom or by describing with particularity the administrative steps he took and the responses received. *Id*. Section 1997e(a) of the PLRA requires that available administrative remedies be exhausted *prior to* the commencement of an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). An action is not properly before a federal court when the prisoner is attempting to exhaust his administrative remedies during the pendency of his federal action. *Id.*

It is clear from Plaintiff's own statements that he has not exhausted his administrative remedies as required by the PLRA. In his verified complaint [Record No. 1], Plaintiff states that he "is contemporaneously filing a complaint with the Kentucky Board of Claims in order to exhaust his administrative remedies for the wrongful acts and injuries alleged herein." (Pl.'s Compl. ¶ 18) Additionally, Plaintiff filed a motion to hold the matter in abeyance [Record No. 11] for the sole purpose of allowing him to exhaust his administrative remedies. Because the Plaintiff has failed to demonstrate exhaustion of his administrative remedies as required by the PLRA, **IT IS ORDERED** as follows:

4

1) that Defendants' motions to dismiss [Record Nos. 4 and 15] be, and the same hereby are, **GRANTED**.

2) that Plaintiff's motion to hold the matter in abeyance [Record No. 11] be, and the same hereby is, **DENIED**.

3) that Plaintiff's motion to amend the complaint [Record No. 10] be, and the same hereby is, **DENIED AS MOOT**.

4) that the matter be, and the same hereby is, **DISMISSED WITHOUT PREJUDICE** and **STRICKEN FROM THE ACTIVE DOCKET**.

This the 6th day of December, 2006.

Signed By:
*Joseph M. Hood*
United States District Judge